IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | CRIMINAL NO. 06-00233-CG |
| ) | |
| MARK ANTHONY JOHNSON, ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

This cause is before the court on defendant's "motion to dismiss indictment."  (Doc. 12). Upon consideration, the motion is **DENIED.**

Defendant is charged in a fourteen-count indictment with violation of 18 U.S.C. § 1341, the mail fraud statute. Specifically, the grand jury charged that the defendant:

> did willfully and knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money from the Degussa Corporation . . . by means of false and fraudulent pretenses, representations and promises.

The indictment goes on to detail the manner and means used by the defendant to effectuate the fraud, and specifies fourteen mailings done in furtherance of the scheme.

The motion challenges the sufficiency of the indictment for failure to allege that the defendant breached a contract with Degussa; that the defendant's conduct was actionable in tort; that the defendant violated any state law; or that the defendant had a duty to disclose his relationship with RCT, Inc.  The defendant's challenge is based on Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308 (11th Cir. 2000), which upheld the dismissal of a civil RICO charge because the predicate offenses of mail fraud were insufficient in that they were based on a drugstore's failure to disclose to its uninsured customers where no such duty existed.  Id. at

1314-15.  As the Government points out, defendant's reliance upon Langford is misplaced.

For purposes of a criminal indictment, Federal Rule of Criminal Procedure 7(c)(1) requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet."  United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003).  To establish a violation of § 1341, the Government must prove that the defendant "(1) intentionally participated in a scheme or artifice to defraud and (2) used the mails to carry out that scheme or artifice."  United States v. Hasner, 340 F.3d 1261, 1269 (11th Cir. 2003).  As stated supra, the indictment articulates in detail the general scheme utilized by the defendant to effectuate the fraud as well as specifies fourteen mailings done in furtherance of the scheme.  In accordance with Eleventh Circuit jurisprudence, the indictment at issue is sufficient because it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."  United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (citations omitted).

## CONCLUSION

Upon due consideration of all matters, and for the reasons stated herein, defendant's "motion to dismiss indictment," (Doc. 12), is hereby **DENIED**.

**DONE and ORDERED** this 8th day of December 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE